# EXHIBIT 2

## Hannes Obex

| | |
|---|---|
| **From:** | Andreas Kramer |
| **Sent:** | Montag, 23. März 2026 00:49 |
| **To:** | info@brightpick.ai; jzizka@brightpick.ai |
| **Cc:** | Hannes Obex; Simon Ayrton; Jason Yau |
| **Subject:** | WARNING LETTER - Patent Infringement - REQUIRES IMMEDIATE ATTENTION |
| **Attachments:** | 260322 - Warning letter BrightPick - Patent Infringement (incl Annexes).pdf |

**Importance:**    High

Dear Sir or Madam,
dear Mr. Zizka,

Please find **attached** a warning letter regarding patent infringement that requires immediate attention.

Deadline: **Monday, 23 March 2026, 1pm CET**.

Kind regards,
Andreas Kramer

**Dr Andreas Kramer | Partner | Powell Gilbert**

Rechtsanwalt, Fachanwalt für gewerblichen Rechtsschutz | UPC Representative

**D** + 49 211 8199 7336 | **T** + 49 211 8199 7330 | **W** powellgilbert.com

**LONDON | DÜSSELDORF | DUBLIN**

**UPC Firm of the Year | JUVE Patent 2025**
**UPC Firm of the Year (UK) | Managing IP Awards 2025**

Follow Powell Gilbert on **LinkedIn**

1



**Via email: info@brightpick.ai**

**Brightpick s.r.o.**,
Plynarenska 6, Bratislava 821 09, Slovakia

**Brightpick Inc.**,
1830 Airport Exchange Blvd., Erlanger Kentucky 41018 USA

POWELL GILBERT LLP
KÖNIGSALLEE 2B
5TH FLOOR
40212 DÜSSELDORF
GERMANY
**T**    +49 (0)211 8199 7330
**W**    POWELLGILBERT.COM

Düsseldorf, 22 March 2026

**WARNING  LETTER RELATED  TO PATENT  INFRINGEMENT**

**VERY URGENT – NEEDS IMMEDIATE ATTENTION!!**

**DEADLINE: Monday, 23 March 2026, 1pm CET**

Dear Sir or Madam,

1    We hereby notify you that we represent Ocado Innovation Limited ("Ocado"), Buildings One & Two, Trident Place, Mosquito Way, Hatfield, Hertfordshire, AL10 9UL, United Kingdom, represented by the Management, ibid. We hereby also confirm that we have been duly authorised to act on behalf of Ocado.

2    It has been brought to our client's attention that Brightpick s.r.o. and Brightpick Inc. (together: "Brightpick") jointly announced on 17 March 2026 the worldwide launch of their "Gridpicker-System" and the first live reveal of said system at the LogiMAT tradefair in Stuttgart on 24 March 2026, see here, https://brightpick.ai/brightpick-launches-gridpicker/ and below screenshot:



LONDON | **DÜSSELDORF** | DUBLIN

Powell Gilbert LLP ist eine Limited Liability Partnership nach englischem Recht und im Companies House unter der Nummer OC325818 registriert.
Eine Limited Liability Partnership nach englischem Recht ("LLP") ist ein eigenständiges, von ihren Gesellschaftern getrenntes Rechtssubjekt.
Die Haftung für Verbindlichkeiten der LLP ist auf das Vermögen der LLP beschränkt; die Gesellschafter haften nicht persönlich für die Verbindlichkeiten der LLP.
Powell Gilbert LLP unterliegt der Berufsaufsicht durch die Solicitors Regulation Authority und die Rechtsanwaltskammer Düsseldorf. Wir benutzen für die Gesellschafter der Powell Gilbert LLP die Bezeichnung Partner.
Die Partner der Powell Gilbert LLP sind: Simon Ayrton*, Zoë Butler*, Joel Coles*, Peter Damerell*, Penny Gilbert* (Mediator), Bethan Hopewell*, Rajvinder Jagdev*, Andreas Kramer** (Rechtsanwalt, Fachanwalt für gewerblichen Rechtsschutz, UPC Representative), Siddharth Kusumakar*, Ari Laakkonen*, Bryce Matthewson* (Attorney of the High Court of South Africa), Tom Oliver*, Tess Waldron*, Tim Whitfield* und Alex Wilson* (Solicitor of New South Wales, CEDR Mediator). Zusätzlich zu den vorstehend genannten individuellen Berufsqualifikationen sind die mit * gekennzeichneten Partner auch alle Solicitors (England & Wales), Solicitors (Ireland) sowie zugelassene Vertreter vor dem Einheitlichen Patentgericht und in unserer Kanzlei in London tätig. Die mit ** gekennzeichneten Partner sind in unserer Kanzlei in Düsseldorf tätig.
Eingetragener Sitz der Powell Gilbert LLP ist London/Vereinigtes Königreich (85 Fleet Street, London EC4Y 1AE).



3    Furthermore, also on 17 March 2026, Brightpick released further information about the Gridpicker-System on its website and by means of several videos uploaded on YouTube.

4    We have analysed the Gridpicker-System based on the aforementioned information. Based on this, as shown below, we believe that the Gridpicker-System infringes on our client's patent **EP 3 374 291 B1 (EP 291). We hereby assert infringement of the German part of the EP 291 and request that Brightpick immediately refrains from further infringements and sign a cease-and  desist declaration before <u>1pm CET on Monday, 23 March 2026</u>.** In more detail:

I.
**<u>European Patent 3 374 291 B1 (EP 291)</u>**

5    The asserted patent is the German part of EP 3 374 291 B1 (**EP 291**). The German part has the file number DE 60 2016 077 960.9. The patent has a filing date of 11.11.2016  and claims a priority date of  11.11.2015, claiming priority from GB 201519929,  GB 201519930  and GB 201519931.  The application was published on 19.09.2018 and the grant of the patent was published on 22.02.2023. We attach EP 291 as **<u>Annex 1</u>** and a current excerpt from the German register according to which it is in force in Germany as **<u>Annex 2</u>**.

6    An opposition against EP 291 was filed before the EPO. The opposition was rejected and the patent was found valid in the version granted. The  grounds for the decision of the opposition division, dated 2 June 2025, are attached as **<u>Annex 3</u>**. An appeal is currently pending, which is based on the same arguments already considered in first instance. A hearing has not yet been scheduled.



II.
**The subject-matter  of EP 291**

7      The invention of the patent entitled PICKING SYSTEMS AND METHODS relates to a storage system for storing items within containers picking systems, and a method of picking inventory items. More specifically but not exclusively, it relates to robotic picking method for picking objects from storage systems having storage bins in stacks, the stacks being located within a grid structure, and having picking means.

1.
**Introduction, technical  background:**

8      As explained in EP 291, prior art storage systems are known in which the storage and retrieval of items in multiple product lines involves arranging storage bins or containers in stacks on top of one another, the stacks being arranged in rows. The storage bins are removed from the stacks and accessed from above by load handling devices, removing the need for aisles between the rows and allowing more containers to be stored in a given space (see EP 291. Para [0002]).

9      Methods of handling containers stacked in rows have been well known for decades, for example, by way of freestanding stacks of containers arranged in rows in order to reduce the storage volume associated with storing such containers but yet still providing access to a specific container if required. Such concept of using freestanding stack of containers and providing a mechanism to retrieve and store specific containers has been developed further overtime.

10     For example, EP 0 767 113 B discloses a mechanism for removing a plurality of stacked containers, using a robotic load handler in the form of a rectangular tube which is lowered around the stack of containers, and which is configured to be able to grip a container at any level in the stack. In this way, several containers can be lifted at once from a stack. The movable tube can be used to move several containers from the top of one stack to the top of another stack, or to move containers from a stack to an external location and vice versa. Such systems can be particularly useful where all of the containers in a single stack contain the same product – known as a single-product stack (see EP 291. Para [0004]).

11     Further, EP 1 037 828 B1 describes a system in which stacks of containers are arranged within a frame structure. In such system, robotic load handling devices can be controllably moved around the stack on a system of tracks on the upper most surface of the stack (see EP 291. Para [0006]).

12     To further improve density of load handlers and thus increasing throughput of a given size system, some pre-known systems describe each robotic load handler only covering one grid space (see EP 291. Para [0008]).



Para. [0009] of the patent further describes – by reference to patent application WO 9849075A1 – a pre-known method for organising the flow of goods for a stock consisting of heterogeneous units arranged closely on top of and beside one another in stacked standardised parallelepiped-shaped containers which are joined into several layers of containers in a vertical framework. With one or more computer-controlled lifting devices with a gripping device each individual container is lifted mechanically up and out of the stack for manual replenishment or a manual packing station.

It follows that in the pre-known robotic picking systems described above, robotic load handling devices are controllably moved around the top of the stacks on a track system forming a grid. A given load handling device lifts a bin from the stack, the container being lifted containing inventory items needed to fulfil a customer order. The container is carried to a pick station where the required inventory item may be manually removed from the bin and placed in a delivery container, the delivery container forming part of the customer order, and being manually filled for dispatch at the appropriate time. At the pick station, the items may also be picked by industrial robots, suitable for such work (see EP 291. Para [0010]).

However, such pre-known robotic picking systems that pick inventory items from storage bins into delivery containers can cause delays at pick stations, causing congestion at the pick stations and delays in the assembly of customer orders. In addition, the pick stations themselves represent a significant investment, whether designed for manual or robotic picking.

**2.
Task**

According to the description of EP 291, the task underlying the patent is to reduce the amount of manual intervention required in the system and increase the speed at which customer orders are compiled, which improves efficiency and reduces costs of large bin handling storage and picking systems (see para. [0015], [0016] of EP 291).

**3.
Solution**

The solution results from the independent claim 1 of the patent, which we reproduce below with a breakdown of features and feature numbering that correspond to the designation of the features by the EPO in the unsuccessful opposition to the patent:

Claim 1

F1      A storage system for storing items within containers, the storage system comprising:

F2      a first set of parallel rails or tracks (22a) and a second set of parallel rails or tracks (22b) extending substantially perpendicularly to the first set of rails or tracks (22a) in a substantially



horizontal plane to form a grid pattern comprising a plurality of grid spaces;

F3     a set of uprights (16), the uprights (16) supporting the rails or tracks (22), the uprights (16) and tracks (22) together defining a framework (14); and

F4     a plurality of containers (10) located in stacks (12) beneath the tracks and within the framework (14),

F5     each stack (12) being located within a footprint of a single grid space,

F6     a portion of the containers (10) occupying a space below a grid space;

characterised in that the storage system further comprises:

F7     robotic picking means (50, 150, 250, 350, 450, 550) disposed above the containers and

F8
F9     adapted to be operable on or above the rails or tracks (22) of the storage system; in which at least one container (10) located beneath the rails or tracks (22) comprises inventory items (28),

F10     the picking means (50, 150, 250, 350, 450, 550) being adapted to pick at least one inventory item (28) from the at least one container (10) and deposit the or each item (28) into at least one or more further containers (10).

18     According to the claimed technical teaching, the amount of manual intervention required in the system is reduced and the speed at which customer orders are compiled is increased by the described storage system and at the same time disadvantages from the prior art can be avoided. The storage system, which further comprises of a robotic picking means, allows parts of the customer order, or some or all customer orders be picked directly on the grid. Through this, among other things, the storage system's efficiency is improved and the costs of such large bin handling storage and picking systems is reduced (see EP 291. Paras [0015], [0016]).

19     The problem is also solved by a method of picking inventory items from a storage system claimed in claim 14 of EP 291, and which we reproduce below in an articulated version:

Claim 14

F14.1     A method of picking inventory items (28) from a storage system, the storage system comprising

F14.2     a first set of parallel rails or tracks (22a) and a second set of parallel rails or tracks (22b) extending substantially perpendicularly to the first set in a substantially horizontal plane to form a grid pattern comprising a plurality of grid spaces;

F14.3     a set of uprights (16), the uprights (16) supporting the tracks (22), the uprights (16) and tracks (22) together defining a framework (14);

F14.4     a plurality of containers (10) located beneath the tracks (22) and within the framework (14),



5

F14.5    each container being located within a footprint of grid space;

the method comprising the steps of:

F14.6    a. locating at least one first container (10) comprising a target inventory item (28) to be picked;

F14.7    b. locating at least one second container (10, DT) in which the target inventory item (28) is to be deposited;

F14.8    c. transferring at least one item (28) from the at least one first container (10) to the at least one second container (10, DT); in which

F14.9    d. the item being transferred directly from the said at least one first container (10) to the said at least one second container (10, DT) by picking means located on or above the grid.

**4.**
**Claim Construction**

The terms of the Claims 1 and 14 are self explanatory and should be given their ordinary meaning. However, for completeness, we comment on the construction of two terms below, namely "*set of parallel rails or tracks*" and "*stack*".

First, features F2 and F14.2 refer to a "*set of parallel rails or tracks*". This is explained in EP 291 at para [0022] which states that the robot vehicle engages with "*two adjacent rails of the first set 22a of rails 22*" and that "[s]*imilarly* [the robot vehicle's wheels] *are arranged to engage with two adjacent rails of the second set 22b of rails 22*". Accordingly, each "*set of parallel rails*" refers to the two or more rails running in a particular direction.

Second, features F4 and F5 in Claim 1 refer to "*stack*" and "*stacks*". This is relevant to Claim 1 but it is not relevant to Claim 14, which does not use the term. The ordinary meaning of "*stack*" is a pile. At para [0018] of EP 291 the patent describes the bins as being "*stacked on top of one another to form stacks*". This means that bins of one stack are arranged vertically on top of each other.

**III.**
**Gridpicker-System – Infringement of EP 291**

The infringing form is "Gridpicker-System" referred to on Brightspick's websites at https://brightpick.ai/gridpicker/ and https://brightpick.ai/brightpick-launches-gridpicker/, which is described by the Brightpick as a "Robotic Fulfillment System".

By way of illustration, screenshots taken on website at https://brightpick.ai/gridpicker/ show a system of the infringing form:







## Robotic Picking

- Gridpickers robotically pick items directly from storage totes on the grid

- Speeds up order picking and maximizes labor savings

## A++ Movers

- The most popular SKUs are stored at the top of the grid, enabling instant access and fast picking

- No need to handle fast-moving products outside the system



25   In addition, there are multiple Brightpick videos on the infringement form in the various properties of Gridpicker system, all of which were published on 17 March 2026 and made available on YouTube at:



a.  https://www.youtube.com/watch?v=D4KM2DuLx5A,  titled *"Introducing Gridpicker: the fastest warehouse robot ever created"* (**Brightpick Youtube Video 1**);

b.  https://www.youtube.com/watch?v=CAVg7wMff6U,  titled *"The story behind Gridpicker: the fastest warehouse robot ever created"* (**Brightpick Youtube Video 2**); and

c.  https://www.youtube.com/watch?v=KpdYF3Owevo,  titled *"World's fastest warehouse robots"* (**Brightpick Youtube Video 3**).

### IV.
### Direct infringement of claims 1 and 14 of EP 291

26    We set out in the table below the basis on which each of the claim features of claims 1 and 14 is present in the infringing Gridpicker-System.

### 1.
### Claim 1 (system)

| # | Claim Feature | Realisation by Gridpicker system |
|---|---|---|
| F1 | A storage system for storing items within containers, the storage system comprising: | **Present**<br>In Brightpick Youtube Video 3, at 0:10, the voiceover stated that *"Gridpicker unlocks the full potential of your warehouse, delivering greater throughput than any fulfillment system, maximum storage density, and up to 95% labour savings with end-to-end automation of order picking, buffering, and sortation"*. |
| F2 | a first set of parallel rails or tracks (22a) and a second set of parallel rails or tracks (22b) extending substantially perpendicularly to the first set of rails or tracks (22a) in a substantially horizontal plane to form a grid pattern comprising a plurality of grid spaces; | **Present**<br>Brightpick Youtube Video 1 at 0:10 shows that there is at least one set of parallel rails or tracks (highlighted in green) and a second set of parallel rails or tracks (highlighted in red) that extends substantially perpendicularly to the first set of rails or tracks, see annotated screenshot below. |



| | | |
|---|---|---|
| | | These sets of rails are layed substantially flat to form a grid pattern with a plurality of grid spaces |
| F3 | a set of uprights (16), the uprights (16) supporting the rails or tracks (22), the uprights (16) and tracks (22) together defining a framework (14); and | **Present**<br>See below a screenshot taken from Brightpick Youtube Video 1 at 0:12. |
| F4 | a plurality of containers (10) located in stacks (12) beneath the tracks and within the framework (14), | **Present**<br>See below annotated excerpt of a screenshot taken from Brightpick Youtube Video 1 at 0:12, with an example of a stack of containers (multiple containers being positioned on top of each other) shown in red, noting that such stack locates beneath a portion of the tracks highlighted in green. |



<table>
<tr><td></td><td></td><td></td></tr>
</table>

| | | |
|---|---|---|
| | | |
| F5 | each stack (12) being located within a footprint of a single grid space, | **Present**<br>Brightpick Youtube Video 1 at 0:07 shows that the container located at the top of each stack is located within a single grid space, see screenshot below. |
| F6 | a portion of the containers (10) occupying a space below a grid space; | **Present**<br>Brightpick Youtube Video 1 at 0:17 shows that the containers are located below the tracks, thereby occupying a space below the grid space, with further containers located beneath the topmost containers |



| | | |
|---|---|---|
| | | |
| | characterised in that the storage system further comprises: | **Present**<br>See claim features F7 to F10 below. |
| F7 | robotic picking means (50, 150, 250, 350, 450, 550) disposed above the containers and | **Present**<br>Brightpick Youtube Video 1 at 0:10 shows a robot with a robotic picking hand (highlighted in green) that is disposed above the containers, see annotated screenshot below. |
| F8 | adapted to be operable on or above the rails or tracks (22) of the storage system; in which | **Present**<br>Brightpick Youtube Video 1 at 0:10 shows a robot with a robotic picking hand is able to operate on or above the rails or tracks of the Gridpicker system, see picture above. |



| F9 | at least one container (10) located beneath the rails or tracks (22) comprises inventory items (28), | **Present** See annotated screenshot taken in Brightpick Youtube Video 1 at 0:10 below, with a container located beneath the rails or tracks with inventory items highlighted in green.  |
|---|---|---|
| F10 | the picking means (50, 150, 250, 350, 450, 550) being adapted to pick at least one inventory item (28) from the at least one container (10) and deposit the or each item (28) into at least one or more further containers (10). | **Present** Brightpick Youtube Video 2 at 1:25 shows that the robotic picking hand picked up an inventory item from one container.  Brightpick Youtube Video 2 at 1:27 then shows that the robotic picking hand moved the inventory item away from one container. |



And deposited the inventory item into another container.

**2.**
**Claim 14 (method claim)**

| # | Claim Feature | Realisation by Gridpicker system |
|---|---|---|
| F14.1 | A method of picking inventory items (28) from a storage system, the | **Present**<br>The below screenshot taken on the website at<br>https://brightpick.ai/gridpicker/ shows that the Gridpicker |



|  | storage system com-prising | system enables robots to pick inventory items directly from containers in a storage system.<br><br><br><br>**Robotic Picking**<br><br>○ Gridpickers robotically pick items directly from storage totes on the grid<br><br>○ Speeds up order picking and maximizes labor savings |
|---|---|---|
| F14.2 | a first set of parallel rails or tracks (22a) and a second set of parallel rails or tracks (22b) extending substantially perpendicularly to the first set in a substantially horizontal plane to form a grid pattern comprising a plurality of grid spaces; | **Present**<br>See claim feature F2 above. |
| F14.3 | a set of uprights (16), the uprights (16) supporting the tracks (22), the uprights (16) and tracks (22) together defining a framework (14); | **Present**<br>See claim feature F3 above. |
| F14.4 | a plurality of containers (10) located beneath the tracks (22) and within the framework (14), | **Present**<br>See claim feature F4 above. |
| F14.5 | each container being located within a foot-print of grid space; | **Present**<br>See claim feature F5 above. |
|  | the method comprising the steps of: | **Present**<br>See claim features F14.6 to F14.9 below. |

pg.

LONDON I DÜSSELDORF I DUBLIN

14

| F14.6 | a. locating at least one first container comprising a target inventory item to be picked; | **Present**<br>Brightpick Youtube Video 2 at 1:25 shows that the robotic picking hand, has picked up an inventory item (target inventory item) from a container, which requires locating this container that contains the specific item to be picked up.<br> |
|---|---|---|
| F14.7 | b. locating at least one second container in which the target inventory item is to be deposited; | **Present**<br>Brightpick Youtube Video 2 at 1:27 shows a second container in which the target inventory item is to be deposited is located (namely, the container that extends outward from the robot highlighted in green), see annotated screenshot below.<br> |



| F14.8 | c. transferring at least one item from the at least one first container to the at least one second container; in which | **Present**<br>Brightpick Youtube Video 2 at 1:27 shows the transfer of an item (highlighted in blue) from one container (highlighted in red, the first container located as per F14.6) to a different container (highlighted in green, the second container located as per F14.7)), see annotated screenshots below, ordered chronologically.<br><br><br><br><br><br> |
|---|---|---|
| F14.9 | d. the item being transferred directly from the | **Present** |



| | | |
|---|---|---|
| | said at least one first container to the said at least one second container by picking means located on or above the grid. | See the annotated screenshots in claims F7 and F14.8 above.<br><br>The picking means is the robotic picking hand highlighted in green in the annotated screenshot shown in claim features F7 above, which is located on or above the grid.<br><br>Further, it can be seen that the robotic picking hand in the annotated screenshots in claim F14.8 above causes the item to transfer directly from one container to another. |

**V.**
**Infringing acts**

Brightpick market and sell their systems worldwide including to Germany.

In particular, Brightpick, as can be seen from the legal notice already inserted above, jointly operate the website, https://brightpick.ai/, which contains a link to a press release dated 17 March 2026 announcing the "world premiere" of the Gridpicker system and Brightpick's European launch partners will be *"at LogiMAT 2026, the international trade show for intralogistics in Stuttgart, Germany, on March 24, at 13:00 CET in Hall 8, Stand 8B25",* for which Brightpick s.r.o is registered as the Exhibitor in the directory of the LogiMAT tradefair, as shown in the below Screenshot*:*



Further, each of Brightpick Youtube Video 1 and Brightpick Youtube Video 2, as well as statements on the website, announce a live reveal of the Gridpicker system at LogiMAT on 24 March 2026 at 1pm, in Hall 8. Thus, Brightpick s.r.o. and Brightpick Inc. jointly offer the infringing form on their website



https://brightpick.ai/gridpicker/) to customers worldwide including those in Germany. Said Gridpicker-System will be displayed and live demonstrated at LogiMAT. Thereofore, Brightpick intend to place the infringing form on the market, use and offer the infringing form worldwide and specifically in Germany on and as of 24 March 2026 at 1pm.

## VI.

## Specific requirements for indirect infringement of Claim 14

30    The Gridpicker-System is a means related to an essential element of the invention. Means that are mentioned in the patent claim itself generally refer to an essential element of the invention, as the patent claim determines which subject-matter is protected by the patent (see e.g. BGH GRUR 2004, 758 (761) – Flügelradzähler; BGH GRUR 2007, 769 Rn. 18 – Pipettensystem; BGH GRUR 2007, 773 Rn. 14 – Rohrschweißgerät; BGH GRUR 2015, 467 Rn. 58 – Audiosignalcodierung). The means must be suitable for interacting functionally with one or more features of the patent claim in the realisation of the protected inventive concept (see e.g. BGH GRUR 2004, 758 (761) – Flügelradzähler). This is the case here, as the features of the system offered by Brightpick are means mentioned in claim 14 of EP 291. Furthermore, they interact with the further features of claim 14, as the claimed method requires picking of products in a specific storage system, which is realized by the system offered by Brightpick.

31    As shown above regarding infringement, the offered system is objectively suitable to be used in order to realise the invention claimed in claim 14 of EP 291. Brightpick also know that the system is intended by their customers to be used in the method as claimed by claim 14, as this is exactly what is shown e.g. on the videos on their website. There is no other way how this system could or should be used.

32    Finally, the offer, as evidenced and confirmed by the product launch at the tradefair in Stuttgart, is inter alia directed at Germany, and customers in Germany would use the products for implementing the claimed method in Germany. Thus, also the requirement of dual domestic connection is fulfilled.

33    The asserted claim for injunctive relief follows from Sections 139 in conjunction with Section 9 and 10 German Patent Act (PatG) (see above, also on the specific requirements for indirect infringement). Our client reserves the right to assert further claims that follow from the patent infringements.

## VII.

## Request for Cease-and-Desist Declaration

34    On behalf of our client, we hereby request that Brightpick immediately cease and desist from the infringing acts as referred to above. Given the extreme urgency in light of Brightpick's announcement to launch the



LONDON I DÜSSELDORF I DUBLIN

18

Gridpicker-System on Tuesday, 24 March 2026, 1pm CET, we request that Brightpick submits an undertaking to our hands, preferably by email to andreas.kramer@powellgilbert.com no later than

**Monday, 23 March 2026, 1pm CET**.

35    A suitable declaration that could be used by Brightpick is attached as **Annex 4**.

36    In case we do not receive a respective undertaking, our clients reserve the right to immediately approach to the competent court for injunctive relief.

Dr. Andreas Kramer          Hannes Obex
(Rechtsanwalt)             (Rechtsanwalt)

