**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| BRIGHTPICK INC., <br><br> Plaintiff, <br><br> v. <br><br> OCADO INNOVATION LTD. AND OCADO SOLUTIONS LTD., <br><br> Defendants. | Case No. 3:26-cv-305 (DJN) <br><br> **JURY TRIAL DEMANDED** |

**ANSWER TO COUNTERCLAIMS**

Plaintiff and Counterclaim-Defendant Brightpick Inc. ("Brightpick") respectfully submits its Answer to the Counterclaims of Defendants and Counterclaim-Plaintiffs Ocado Innovation Ltd. and Ocado Solutions Ltd. ("Counterclaim-Plaintiffs"). To the extent they are relevant, the allegations in support of Brightpick's Complaint for Declaratory Judgment, Docket No. 1, are incorporated by reference into its Answer as set forth below:

**INTRODUCTION**

1.      This paragraph contains legal argument and conclusions to which no response is required. To the extent that a response is required, Brightpick denies the allegations set forth in this paragraph, and specifically denies that it has committed any acts of infringement.

2.      Brightpick is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore denies them.

3.      Brightpick admits that Counterclaim-Plaintiffs claim to hold the Patents-in-Suit. Brightpick is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph and therefore denies them.

– 1 –

4.      This paragraph contains legal argument and conclusions to which no response is required.  To the extent that a response is required, Brightpick denies the allegations set forth in this paragraph, except Brightpick admits that Brightpick systems include robots that enable warehouses of any size to automate order picking, buffering, consolidation, dispatch, and stock replenishment, that Brightpick's systems allow companies to keep their warehouse labor to a minimum, that Exhibit 1 to Counterclaim-Plaintiffs' Counterclaims purports to contain a copy of the webpage available at https://brightpick.ai/resources/most-commonly-asked-questions-about -gridpicker/, that Exhibit 2 to Counterclaim-Plaintiffs' Counterclaims purports to contain a copy of the webpage available at https://www.ocadogroup.com/about-us/, and that Exhibit 3 to Counterclaim-Plaintiffs' Counterclaims purports to contain a copy of the webpage available at https://www.ocadogroup.com/about-us/our-history.

5.      This paragraph contains legal argument and conclusions to which no response is required.  To the extent that a response is required, Brightpick denies the allegations set forth in this paragraph, and specifically denies that it has committed any acts of infringement, except Brightpick admits that it filed this action on April 12, 2026, within the short deadline set in the letter from Counterclaim-Plaintiffs' outside litigation counsel on April 9, 2026.

**THE PARTIES**

6.      Brightpick admits that Ocado Innovation Ltd. is an entity organized under the laws of the United Kingdom, with its principal place of business in the United Kingdom. Brightpick is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph and therefore denies them.

7.      Brightpick admits that Ocado Solutions Ltd. is an entity organized under the laws of the United Kingdom, with its principal place of business in the United Kingdom.  Brightpick

is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph and therefore denies them.

8. Brightpick is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore denies them.

9. Brightpick admits the allegations set forth in this paragraph.

10. Brightpick denies the allegations set forth in this paragraph, except Brightpick admits that Brightpick was founded in 2021 and provides warehouse automation systems which are used to automate warehouse operations, that Photoneo was acquired by Zebra Technologies in March 2025, that Photoneo s.r.o. changed its name to Brightpick s.r.o, that Exhibit 4 to Counterclaim-Plaintiffs' Counterclaims purports to contain a copy of the webpage available at https://brightpick.ai/about-us/, and that Exhibit 5 to Counterclaim-Plaintiffs' Counterclaims purports to contain a copy of the webpage available at https://brightpick.ai/zebra-technologies-closes-photoneo-acquisition-withphotoneo-brightpick-group/.

11. This paragraph contains legal argument and conclusions to which no response is required. To the extent that a response is required, Brightpick denies the allegations set forth in this paragraph, except Brightpick admits that this Court has subject matter jurisdiction over Counterclaim-Plaintiffs' claims under 28 U.S.C. §§ 1331 and 1338(a).

12. This paragraph contains legal argument and conclusions to which no response is required. To the extent that a response is required, Brightpick denies the allegations set forth in this paragraph, except Brightpick admits that for the purposes of this action alone, this Court has personal jurisdiction over Brightpick.

13. This paragraph contains legal argument and conclusions to which no response is required. To the extent that a response is required, Brightpick denies the allegations set forth in

this paragraph, except Brightpick admits that for the purposes of this action alone, this Court is a proper venue.

## BACKGROUND

**A.      The Challenges of Online Order Fulfillment**

14.      Brightpick denies the allegations set forth in this paragraph, except Brightpick admits that a grocery order may contain dozens of items, and that grocery items may include a variety of physical attributes.

15.      Brightpick denies the allegations set forth in this paragraph, except Brightpick admits that human workers have historically retrieved inventory, and that many automated warehouse systems employ shelves and aisles, cranes, or conveyor belts.

**B.      Ocado's Automated Storage and Retrieval System**

16.      Brightpick is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore denies them.

**C.      Ocado's "Bots"**

17.      Brightpick is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore denies them.

18.      Brightpick is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore denies them.

19.      Brightpick is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore denies them.

20.      Brightpick is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore denies them, except Brightpick admits that "Ocado Intelligent Automation" appears listed among eighteen companies

under the category "Warehouse Automation" in "Top Software & Technology Solution Awards 2024" in Food Logistics and Supply & Demand Chain Executive, available at https://s3.amazonaws.com/digital.acbusinessmedia.com/FLOG/MISC/FLOG1124_Top-Software -Award%5Bchart%5D.pdf, that Exhibit 6 to Counterclaim-Plaintiffs' Counterclaims purports to contain a copy of this webpage, and that Exhibit 7 to Counterclaim-Plaintiffs' Counterclaims purports to contain a copy of the webpage available at https://www.techmonitor.ai/tech-leaders /technology-leaders-index-recognises-innovationpacesetters?cf-view.

**D.     Ocado's Patented Innovations**

21.     Brightpick is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore denies them.

22.     This paragraph contains legal argument and conclusions to which no response is required.  To the extent that a response is required, Brightpick denies the allegations set forth in this paragraph.

23.     This paragraph contains legal argument and conclusions to which no response is required.  To the extent that a response is required, Brightpick denies the allegations set forth in this paragraph.

**E.     The '651 Patent**

24.     This paragraph contains legal argument and conclusions to which no response is required.  To the extent that a response is required, Brightpick denies the allegations set forth in this paragraph, except Brightpick admits that the '651 patent is entitled "Storage Systems and Methods for Retrieving Units from a Storage System," names Lars Sverker Ture Lindbo, Robert Rolf Stadie, Christopher Richard James Brett, and Matthew Robert Whelan, and bears an issue

– 5 –

date of July 31, 2018, and that Exhibit 8 to Counterclaim-Plaintiffs' Counterclaims purports to contain a copy of the '651 patent.

25. This paragraph contains legal argument and conclusions to which no response is required. To the extent that a response is required, Brightpick denies the allegations set forth in this paragraph.

26. Brightpick denies the allegations set forth in this paragraph.

**F. The '597 Patent**

27. This paragraph contains legal argument and conclusions to which no response is required. To the extent that a response is required, Brightpick denies the allegations set forth in this paragraph, except Brightpick admits that the '597 patent is entitled "Robotic picking systems and devices," names Lars Sverker Ture Lindbo, Andrew John Ingram-Tedd, and Alexander James Badenoch Harvey, and bears an issue date of September 1, 2020, that Exhibit 9 to Counterclaim-Plaintiffs' Counterclaims purports to contain a copy of the '597 patent, and that Exhibit 16 to Counterclaim-Plaintiffs' Counterclaims purports to contain a copy of the 'EP291 patent.

28. This paragraph contains legal argument and conclusions to which no response is required. To the extent that a response is required, Brightpick denies the allegations set forth in this paragraph.

29. Brightpick denies the allegations set forth in this paragraph.

**G. The '302 Patent**

30. This paragraph contains legal argument and conclusions to which no response is required. To the extent that a response is required, Brightpick denies the allegations set forth in this paragraph, except Brightpick admits that the '302 patent is entitled "Apparatus for retrieving

units from a storage system," names Lars Sverker Ture Lindbo, Robert Rolf Stadie, Matthew Robert Whelan, and Christopher Richard James Brett, and bears an issue date of November 10, 2020, and that Exhibit 10 to Counterclaim-Plaintiffs' Counterclaims purports to contain a copy of the '302 patent.

31.     This paragraph contains legal argument and conclusions to which no response is required. To the extent that a response is required, Brightpick denies the allegations set forth in this paragraph.

32.     Brightpick denies the allegations set forth in this paragraph.

**H.     The '980 Patent**

33.     This paragraph contains legal argument and conclusions to which no response is required. To the extent that a response is required, Brightpick denies the allegations set forth in this paragraph, except Brightpick admits that the '980 patent is entitled "Method and apparatus for retrieving units from a storage system," bears an issue date of March 15, 2022, and that Exhibit 11 to Counterclaim-Plaintiffs' Counterclaims purports to contain a copy of the '980 patent.

34.     This paragraph contains legal argument and conclusions to which no response is required. To the extent that a response is required, Brightpick denies the allegations set forth in this paragraph.

35.     Brightpick denies the allegations set forth in this paragraph.

**I.     The '574 Patent**

36.     This paragraph contains legal argument and conclusions to which no response is required. To the extent that a response is required, Brightpick denies the allegations set forth in this paragraph, except Brightpick admits that the '574 patent is entitled "Transporting device

– 7 –

position determining apparatus and method," names Matthew Whelan, David Sharp, and David Brown, and bears an issue date of November 1, 2022, and that Exhibit 12 to Counterclaim-Plaintiffs' Counterclaims purports to contain a copy of the '574 patent.

37.     This paragraph contains legal argument and conclusions to which no response is required.  To the extent that a response is required, Brightpick denies the allegations set forth in this paragraph.

38.     Brightpick admits the allegations set forth in this paragraph.

**J.     The '405 Patent**

39.     This paragraph contains legal argument and conclusions to which no response is required.  To the extent that a response is required, Brightpick denies the allegations set forth in this paragraph, except Brightpick admits that the '405 patent is entitled "Picking systems and methods," names Lars Sverker Ture Lindbo and Andrew John Ingram-Tedd, and bears an issue date of November 22, 2022, and that Exhibit 13 to Counterclaim-Plaintiffs' Counterclaims purports to contain a copy of the '405 patent.

40.     This paragraph contains legal argument and conclusions to which no response is required.  To the extent that a response is required, Brightpick denies the allegations set forth in this paragraph.

41.     Brightpick admits the allegations set forth in this paragraph.

**K.     The '832 Patent**

42.     This paragraph contains legal argument and conclusions to which no response is required.  To the extent that a response is required, Brightpick denies the allegations set forth in this paragraph, except Brightpick admits that the '832 patent is entitled "Apparatus for retrieving units from a storage system," names Lars Sverker Ture Lindbo, Robert Rolf Stadie, Matthew

Robert Whelan, and Christopher Richard James Brett, and bears an issue date of December 24, 2024, and that Exhibit 14 to Counterclaim-Plaintiffs' Counterclaims purports to contain a copy of the '832 patent.

43.     This paragraph contains legal argument and conclusions to which no response is required. To the extent that a response is required, Brightpick denies the allegations set forth in this paragraph.

44.     Brightpick denies the allegations set forth in this paragraph.

**L.      The '770 Patent**

45.     This paragraph contains legal argument and conclusions to which no response is required. To the extent that a response is required, Brightpick denies the allegations set forth in this paragraph, except Brightpick admits that the '770 patent is entitled "Methods, Systems and Apparatus for Controlling Movement of Transporting Devices," names Robert Stadie, Matthew Whelan, and Christopher Brett, and bears an issue date of August 3, 2021, and that Exhibit 15 to Counterclaim-Plaintiffs' Counterclaims purports to contain a copy of the '770 patent.

46.     This paragraph contains legal argument and conclusions to which no response is required. To the extent that a response is required, Brightpick denies the allegations set forth in this paragraph.

47.     This paragraph contains legal argument and conclusions to which no response is required. To the extent that a response is required, Brightpick denies the allegations set forth in this paragraph.

48.     This paragraph contains legal argument and conclusions to which no response is required. To the extent that a response is required, Brightpick denies the allegations set forth in this paragraph.

49.     This paragraph contains legal argument and conclusions to which no response is required.  To the extent that a response is required, Brightpick denies the allegations set forth in this paragraph.

50.     This paragraph contains legal argument and conclusions to which no response is required.  To the extent that a response is required, Brightpick denies the allegations set forth in this paragraph.

51.     This paragraph contains legal argument and conclusions to which no response is required.  To the extent that a response is required, Brightpick denies the allegations set forth in this paragraph.

52.     This paragraph contains legal argument and conclusions to which no response is required.  To the extent that a response is required, Brightpick denies the allegations set forth in this paragraph.

53.     This paragraph contains legal argument and conclusions to which no response is required.  To the extent that a response is required, Brightpick denies the allegations set forth in this paragraph.

54.     Brightpick denies the allegations set forth in this paragraph.

### BRIGHTPICK'S INFRINGEMENT

55.     This paragraph contains legal argument and conclusions to which no response is required.  To the extent that a response is required, Brightpick denies the allegations set forth in this paragraph, except Brightpick admits that Brightpick's U.S. headquarters are located in Austin, Texas, that Brightpick provides technical support and guidance regarding Brightpick products and serves as a reliable service partner, including by providing remote and optional on-site support, that Exhibit 17 to Counterclaim-Plaintiffs' Counterclaims purports to contain a

copy of the webpage available at https://brightpick.ai/gridpicker/, that Exhibit 18 to Counterclaim-Plaintiffs' Counterclaims purports to contain a copy of the webpage available at https://brightpick.ai/pricing/, and that Exhibit 19 to Counterclaim-Plaintiffs' Counterclaims purports to contain a copy of the webpage available at https://brightpick.ai/faq/.

56.    Brightpick denies the allegations set forth in this paragraph, except that Exhibit 20 to Counterclaim-Plaintiffs' Counterclaims purports to contain a copy of the webpage available at https://brightpick.ai/careers/?r=detail&id=200211206&impressionId=efa8d166-cc89-43d1-bdc2 9193f44b2089#openpositions.

57.    This paragraph consists of a prefatory statement to which no response is required. To the extent that a response is required, Brightpick denies the allegations set forth in this paragraph, and specifically denies that it has committed any acts of infringement.

58.    Brightpick denies the allegations set forth in this paragraph.

59.    Brightpick denies the allegations set forth in this paragraph.

60.    Brightpick denies the allegations set forth in this paragraph.

61.    Brightpick denies the allegations set forth in this paragraph.

62.    Brightpick denies the allegations set forth in this paragraph.

63.    Brightpick denies the allegations set forth in this paragraph.

64.    Brightpick denies the allegations set forth in this paragraph.

65.    Brightpick denies the allegations set forth in this paragraph.

66.    Brightpick denies the allegations set forth in this paragraph.

67.    Brightpick denies the allegations set forth in this paragraph.

68.    Brightpick denies the allegations set forth in this paragraph.

69.    Brightpick denies the allegations set forth in this paragraph.

70. Brightpick denies the allegations set forth in this paragraph.

71. Brightpick denies the allegations set forth in this paragraph, except Brightpick admits that Exhibit 21 to Counterclaim-Plaintiffs' Counterclaims purports to contain a copy of the webpage available at https://brightpick.ai/brightpick-launches-gridpicker/.

72. Brightpick denies the allegations set forth in this paragraph.

73. Brightpick denies the allegations set forth in this paragraph.

74. Brightpick denies the allegations set forth in this paragraph.

75. Brightpick denies the allegations set forth in this paragraph.

76. Brightpick denies the allegations set forth in this paragraph.

77. Brightpick denies the allegations set forth in this paragraph.

78. Brightpick denies the allegations set forth in this paragraph.

79. Brightpick denies the allegations set forth in this paragraph.

80. Brightpick denies the allegations set forth in this paragraph, except Brightpick admits that Exhibit 22 to Counterclaim-Plaintiffs' Counterclaims purports to contain a copy of the webpage available at https://brightpick.ai/ai-and-software/.

81. Brightpick denies the allegations set forth in this paragraph.

82. Brightpick denies the allegations set forth in this paragraph.

83. Brightpick denies the allegations set forth in this paragraph.

84. Brightpick denies the allegations set forth in this paragraph.

85. Brightpick denies the allegations set forth in this paragraph.

86. Brightpick denies the allegations set forth in this paragraph.

87. Brightpick denies the allegations set forth in this paragraph.

88. Brightpick denies the allegations set forth in this paragraph.

89. Brightpick denies the allegations set forth in this paragraph.

90. Brightpick denies the allegations set forth in this paragraph.

91. Brightpick denies the allegations set forth in this paragraph.

92. Brightpick denies the allegations set forth in this paragraph.

93. Brightpick denies the allegations set forth in this paragraph, except Brightpick admits that Exhibit 23 to Counterclaim-Plaintiffs' Counterclaims purports to contain a copy of the webpage available at https://brightpick.ai/brightpick-unveils-new-details-about-the-ai/.

94. Brightpick denies the allegations set forth in this paragraph.

95. Brightpick denies the allegations set forth in this paragraph.

96. Brightpick denies the allegations set forth in this paragraph.

97. Brightpick denies the allegations set forth in this paragraph.

98. Brightpick denies the allegations set forth in this paragraph.

99. Brightpick denies the allegations set forth in this paragraph.

100. Brightpick denies the allegations set forth in this paragraph, except Brightpick admits that Exhibit 24 to Counterclaim-Plaintiffs' Counterclaims purports to contain a copy of the webpage available at https://brightpick.ai/resources/meet-brightpick-intuition-the-software-brain-behind-our-robots/.

101. Brightpick denies the allegations set forth in this paragraph, except Brightpick admits that Exhibit 25 to Counterclaim-Plaintiffs' Counterclaims purports to contain a copy of the webpage available at https://www.designworldonline.com/brightpick-explainsmachine-vision-and-ai-in-intelligent-warehouse-automation/.

102. Brightpick denies the allegations set forth in this paragraph, except Brightpick admits that Exhibit 26 to Counterclaim-Plaintiffs' Counterclaims purports to contain a copy of

the webpage available at https://www.therobotreport.com/brightpick-ceo-jan-zizkadiscusses-development-of-robot-to-goods-system/.

103.    Brightpick denies the allegations set forth in this paragraph.

104.    Brightpick denies the allegations set forth in this paragraph.

## BRIGHTPICK HAS WILLFULLY INFRINGED AND CONTINUES TO WILLFULLY INFRINGE THE ASSERTED PATENTS

105.    Brightpick denies the allegations set forth in this paragraph, except Brightpick admits that Brightpick uploaded a video containing an interview of the CFO of third-party e-grocer Rohlik Group, in which the interviewer stated that the CFO's "background in e-grocery goes much deeper than that, in fact she previously held various senior finance roles at Ocado Group, one of the earliest pioneers in e-grocery."

106.    Brightpick denies the allegations set forth in this paragraph, except Brightpick admits that on March 17, 2026, Brightpick announced a new groundbreaking robotic fulfillment system, called Gridpicker and stated that it would provide a first-hand look at Gridpicker and announce its European launch partners at LogiMAT 2026, held in Stuttgart, Germany.

107.    Brightpick is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore denies them.

108.    Brightpick denies the allegations set forth in this paragraph, except Brightpick admits that Exhibit 27 to Counterclaim-Plaintiffs' Counterclaims purports to contain a copy of an email dated March 23, 2026.

109.    Brightpick denies the allegations set forth in this paragraph.

110.    Brightpick denies the allegations set forth in this paragraph.

111.    Brightpick denies the allegations set forth in this paragraph.

112.    This paragraph contains legal argument and conclusions to which no response is required.  To the extent that a response is required, Brightpick denies the allegations set forth in this paragraph, except Brightpick admits that it received a letter from Counterclaim-Plaintiffs' outside litigation counsel on April 9, 2026, a copy of which is attached to the Counterclaims as Exhibit 28, listing the '651, '597, '302, '980, '574, '405, and '832 patents by number, and asserting that "Ocado takes the protection of its intellectual property extremely seriously and must act to safeguard its rights in every jurisdiction in which those rights are infringed," that "[i]t is essential that Brightpick address this issue immediately and provide a satisfactory response to this notice in advance of the MODEX trade show," and that "Ocado cannot allow unlicensed infringement of its portfolio to continue and is prepared to pursue all available lawful remedies," and that "we require a response prior to the commencement of the MODEX trade show next week."

113.    This paragraph contains legal argument and conclusions to which no response is required.  To the extent that a response is required, Brightpick denies the allegations set forth in this paragraph, except Brightpick admits that it received a letter from Counterclaim-Plaintiffs' outside litigation counsel on April 9, 2026, which listed the '651, '597, '302, '980, '574, '405, and '832 patents by number.

114.    This paragraph contains legal argument and conclusions to which no response is required.  To the extent that a response is required, Brightpick denies the allegations set forth in this paragraph, except Brightpick admits that it filed this action on April 12, 2026, within the short deadline set in the letter from Counterclaim-Plaintiffs' outside litigation counsel on April 9, 2026.

115.    This paragraph contains legal argument and conclusions to which no response is required.  To the extent that a response is required, Brightpick denies the allegations set forth in this paragraph, except Brightpick admits that it presented Gridpicker at MODEX 2026 from April 13-16, 2026.

116.    This paragraph contains legal argument and conclusions to which no response is required.  To the extent that a response is required, Brightpick denies the allegations set forth in this paragraph, and specifically denies that it has committed any acts of infringement.

117.    This paragraph contains legal argument and conclusions to which no response is required.  To the extent that a response is required, Brightpick denies the allegations set forth in this paragraph, and specifically denies that it has committed any acts of infringement.

## FIRST COUNT
## PATENT INFRINGEMENT
## '651 PATENT 35 U.S.C. §§ 271 AND 281

118.    Brightpick incorporates by reference all paragraphs above and below, and the allegations in support of its Complaint for Declaratory Judgment, Docket No. 1, as if fully set forth herein.

119.    Brightpick denies the allegations set forth in this paragraph, and specifically denies that it has committed any acts of infringement.

120.    This paragraph contains legal argument and conclusions to which no response is required.  To the extent that a response is required, Brightpick denies the allegations set forth in this paragraph, except Brightpick admits that it received a letter from Counterclaim-Plaintiffs' outside litigation counsel on April 9, 2026, which listed the '651, '597, '302, '980, '574, '405, and '832 patents by number.

121.    Brightpick denies the allegations set forth in this paragraph, and specifically denies that it has committed any acts of infringement.

122.    Brightpick denies the allegations set forth in this paragraph, and specifically denies that it has committed any acts of infringement.

**SECOND COUNT**
**PATENT INFRINGEMENT**
**'597 PATENT 35 U.S.C. §§ 271 AND 281**

123.    Brightpick incorporates by reference all paragraphs above and below, and the allegations in support of its Complaint for Declaratory Judgment, Docket No. 1, as if fully set forth herein.

124.    Brightpick denies the allegations set forth in this paragraph, and specifically denies that it has committed any acts of infringement.

125.    This paragraph contains legal argument and conclusions to which no response is required.  To the extent that a response is required, Brightpick denies the allegations set forth in this paragraph, except Brightpick admits that it received a letter from Counterclaim-Plaintiffs' outside litigation counsel on April 9, 2026, which listed the '651, '597, '302, '980, '574, '405, and '832 patents by number.

126.    Brightpick denies the allegations set forth in this paragraph, and specifically denies that it has committed any acts of infringement.

127.    Brightpick denies the allegations set forth in this paragraph, and specifically denies that it has committed any acts of infringement.

**THIRD COUNT**
**PATENT INFRINGEMENT**
**'302 PATENT 35 U.S.C. §§ 271 AND 281**

128.    Brightpick incorporates by reference all paragraphs above and below, and the allegations in support of its Complaint for Declaratory Judgment, Docket No. 1, as if fully set forth herein.

129.    Brightpick denies the allegations set forth in this paragraph, and specifically denies that it has committed any acts of infringement.

130.    This paragraph contains legal argument and conclusions to which no response is required.  To the extent that a response is required, Brightpick denies the allegations set forth in this paragraph, except Brightpick admits that it it received a letter from Counterclaim-Plaintiffs' outside litigation counsel on April 9, 2026, which listed the '651, '597, '302, '980, '574, '405, and '832 patents by number.

131.    Brightpick denies the allegations set forth in this paragraph, and specifically denies that it has committed any acts of infringement.

132.    Brightpick denies the allegations set forth in this paragraph, and specifically denies that it has committed any acts of infringement.

**FOURTH COUNT**
**PATENT INFRINGEMENT**
**'980 PATENT 35 U.S.C. §§ 271 AND 281**

133.    Brightpick incorporates by reference all paragraphs above and below, and the allegations in support of its Complaint for Declaratory Judgment, Docket No. 1, as if fully set forth herein.

134.    Brightpick denies the allegations set forth in this paragraph, and specifically denies that it has committed any acts of infringement.

– 18 –

135.    This paragraph contains legal argument and conclusions to which no response is required.  To the extent that a response is required, Brightpick denies the allegations set forth in this paragraph, except Brightpick admits that it it received a letter from Counterclaim-Plaintiffs' outside litigation counsel on April 9, 2026, which listed the '651, '597, '302, '980, '574, '405, and '832 patents by number.

136.    Brightpick denies the allegations set forth in this paragraph, and specifically denies that it has committed any acts of infringement.

137.    Brightpick denies the allegations set forth in this paragraph, and specifically denies that it has committed any acts of infringement.

### FIFTH COUNT
### PATENT INFRINGEMENT
### '574 PATENT 35 U.S.C. §§ 271 AND 281

138.    Brightpick incorporates by reference all paragraphs above and below, and the allegations in support of its Complaint for Declaratory Judgment, Docket No. 1, as if fully set forth herein.

139.    Brightpick denies the allegations set forth in this paragraph, and specifically denies that it has committed any acts of infringement.

140.    This paragraph contains legal argument and conclusions to which no response is required.  To the extent that a response is required, Brightpick denies the allegations set forth in this paragraph, except Brightpick admits that it it received a letter from Counterclaim-Plaintiffs' outside litigation counsel on April 9, 2026, which listed the '651, '597, '302, '980, '574, '405, and '832 patents by number.

141.    Brightpick denies the allegations set forth in this paragraph, and specifically denies that it has committed any acts of infringement.

– 19 –

142.    Brightpick denies the allegations set forth in this paragraph, and specifically denies that it has committed any acts of infringement.

## SIXTH COUNT
## PATENT INFRINGEMENT
## '405 PATENT 35 U.S.C. §§ 271 AND 281

143.    Brightpick incorporates by reference all paragraphs above and below, and the allegations in support of its Complaint for Declaratory Judgment, Docket No. 1, as if fully set forth herein.

144.    Brightpick denies the allegations set forth in this paragraph, and specifically denies that it has committed any acts of infringement.

145.    This paragraph contains legal argument and conclusions to which no response is required.  To the extent that a response is required, Brightpick denies the allegations set forth in this paragraph, except Brightpick admits that it it received a letter from Counterclaim-Plaintiffs' outside litigation counsel on April 9, 2026, which listed the '651, '597, '302, '980, '574, '405, and '832 patents by number.

146.    Brightpick denies the allegations set forth in this paragraph, and specifically denies that it has committed any acts of infringement.

147.    Brightpick denies the allegations set forth in this paragraph, and specifically denies that it has committed any acts of infringement.

## SEVENTH COUNT
## PATENT INFRINGEMENT
## '832 PATENT 35 U.S.C. §§ 271 AND 281

148.    Brightpick incorporates by reference all paragraphs above and below, and the allegations in support of its Complaint for Declaratory Judgment, Docket No. 1, as if fully set forth herein.

149. Brightpick denies the allegations set forth in this paragraph, and specifically denies that it has committed any acts of infringement.

150. This paragraph contains legal argument and conclusions to which no response is required. To the extent that a response is required, Brightpick denies the allegations set forth in this paragraph, except Brightpick admits that it it received a letter from Counterclaim-Plaintiffs' outside litigation counsel on April 9, 2026, which listed the '651, '597, '302, '980, '574, '405, and '832 patents by number.

151. Brightpick denies the allegations set forth in this paragraph, and specifically denies that it has committed any acts of infringement.

152. Brightpick denies the allegations set forth in this paragraph, and specifically denies that it has committed any acts of infringement.

**EIGHTH COUNT**
**PATENT INFRINGEMENT**
**'770 PATENT 35 U.S.C. §§ 271 AND 281**

153. Brightpick incorporates by reference all paragraphs above and below, and the allegations in support of its Complaint for Declaratory Judgment, Docket No. 1, as if fully set forth herein.

154. Brightpick denies the allegations set forth in this paragraph, and specifically denies that it has committed any acts of infringement.

155. This paragraph contains legal argument and conclusions to which no response is required. To the extent that a response is required, Brightpick denies the allegations set forth in this paragraph.

156. Brightpick denies the allegations set forth in this paragraph, and specifically denies that it has committed any acts of infringement.

157.    Brightpick denies the allegations set forth in this paragraph, and specifically denies that it has committed any acts of infringement.

## OCADO'S JURY DEMAND & PRAYER FOR RELIEF

158.    This paragraph contains Counterclaim-Plaintiffs' demand for a jury trial to which no response is required.  To the extent that a response is required, Brightpick demands a jury trial on all issues so triable.

159.    This paragraph contains legal argument and conclusions to which no response is required.  To the extent that a response is required, Brightpick denies the allegations set forth in this paragraph, and specifically denies that it has committed any acts of infringement and that Counterclaim-Plaintiffs are entitled to the relief requested.

## BRIGHTPICK'S AFFIRMATIVE DEFENSES

Brightpick may amend this Answer to add further affirmative defenses, including allegations of inequitable conduct, or any other defenses currently unknown to Brightpick, as they become known throughout the course of this action.  Assertion of a defense is not a concession that Brightpick bears the burden of proof.  To the extent they are relevant, the allegations in support of Brightpick's Complaint for Declaratory Judgment, Docket No. 1, are incorporated by reference into Brightpick's affirmative defenses as set forth below:

## FIRST AFFIRMATIVE DEFENSE

*(Non-Infringement)*

Counterclaim-Plaintiffs are not entitled to any relief against Brightpick because Brightpick does not and has not directly or indirectly infringed, either literally or under the doctrine of equivalents, any valid and enforceable claim of the Patents-in-Suit, including for

example for the reasons set forth in Brightpick's complaint for declaratory judgment in this action, Docket No. 1.

## SECOND AFFIRMATIVE DEFENSE

*(Validity)*

Each and every asserted claim of the Patents-in-Suit are invalid for failure to meet the requirements of Title 35, United States Code, including but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto, as well as obviousness type double patenting. For example and without limitation, Brightpick has identified prior art patents, publications, and systems which, alone or in combination, anticipate or render obvious each asserted claim of the Patents-in-Suit including the prior art of record, and in view of Counterclaim-Plaintiffs' apparent claim constructions and misapprehension of the Doctrine of Equivalents. The Patents-in-Suit further fail to satisfy the statutory requirements of patent eligibility, utility, non-obviousness, adequate written description, enablement, and definiteness.

## THIRD AFFIRMATIVE DEFENSE

*(Prosecution History Estoppel)*

The relief sought by Counterclaim-Plaintiffs is barred, in whole or in part, under the doctrine of prosecution history estoppel, or prosecution history disclaimer due to amendments, or statements made during prosecution of the Patents-in-Suit.

## FOURTH AFFIRMATIVE DEFENSE

*(Ensnarement)*

Counterclaim-Plaintiffs' claims for relief under the doctrine of equivalents are barred in whole or in part by the doctrine of ensnarement.

– 23 –

## FIFTH AFFIRMATIVE DEFENSE

*(License)*

Counterclaim-Plaintiffs' claims for relief are barred in whole or in part by express or implied license.

## SIXTH AFFIRMATIVE DEFENSE

*(Waiver, Legal Estoppel, or Equitable Estoppel)*

The relief sought by Counterclaim-Plaintiffs is barred, in whole or in part, by the doctrines of waiver, legal estoppel or equitable estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

*(Unavailability of Injunctive Relief)*

Counterclaim-Plaintiffs are not entitled to injunctive relief, as a matter of law, and cannot satisfy the requirements applicable to their request for injunctive relief in any form.  For example, Counterclaim-Plaintiffs cannot meet their burden to establish that they have suffered or will suffer any irreparable injury caused by any alleged infringement.  Among other things, on information and belief, Counterclaim-Plaintiffs do not supply products which practice the claimed inventions of the Patents-in-Suit, but instead filed patents on technology that, according to the Counterclaims, "may be used for such systems in the future."  Counterclaims ¶ 3.  On further information and belief, Counterclaim-Plaintiffs have licensed or offered to license third parties to the Patents-in-Suit.

## EIGHTH AFFIRMATIVE DEFENSE

*(Limitation on Damages and Costs)*

The relief sought by Counterclaim-Plaintiffs is barred or limited by 35 U.S.C. §§ 286, 287, and 288.  Counterclaim-Plaintiffs are not entitled to damages for any activities before the filing of this action.

– 24 –

**NINTH AFFIRMATIVE DEFENSE**

*(Good Faith)*

Brightpick has engaged in all relevant activities in good faith, thereby precluding Counterclaim-Plaintiffs, even if they prevail, from recovering their reasonable attorneys' fees or costs under 35 U.S.C. § 285.

**JURY DEMAND**

Brightpick demands a jury trial on all issues and claims so triable.

Date:  July 21, 2026                                            Respectfully submitted,

/s/ Rebecca S. LeGrand
Rebecca S. LeGrand
Virginia Bar No. 89859
LEGRAND LAW PLLC
1100 H Street NW, Suite 1220
Washington, D.C., 20005
+1 (202) 587-5725
+1 (202) 587-5610 facsimile
rebecca@legrandpllc.com

Erika H. Warren (*pro hac vice*)
Matthew S. Warren (*pro hac vice*)
Madeline A. Woodall (*pro hac vice*)
WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
26-305@cases.warrenllp.com
erika@warrenllp.com
matt@warrenllp.com
madeline@warrenllp.com

*Attorneys for Plaintiff Brightpick Inc.*