**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| BRIGHTPICK INC.,<br><br>Plaintiff/Counterclaim-Defendant,<br><br>v.<br><br>OCADO INNOVATION LTD. AND OCADO SOLUTIONS LTD.,<br><br>Defendants/Counterclaim-Plaintiffs. | Case No. 3:26-cv-305 (DJN) |

**AGREED PROTECTIVE ORDER**

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff/Counterclaim-Defendant Brightpick, Inc. and Defendants/Counterclaim-Plaintiffs Ocado Innovation Ltd. and Ocado Solutions Ltd. (collectively, the "Parties" and each a "Party") that certain discovery material produced in this case is and should be treated as confidential. The Parties have agreed to the entry of this Agreed Protective Order ("Protective Order") pursuant to Federal Rule of Civil Procedure 26(c). This Protective Order shall govern the handling, use, dissemination, and disclosure of certain documents, information, and materials described herein and produced by the Parties hereto through discovery that the Producing Party claims to be confidential, proprietary, or otherwise sensitive in nature.

The Parties having agreed, and for good cause shown,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. This Protective Order shall govern the handling, use, and disclosure of documents, testimony, information, and materials produced, given, or filed in this case and designated or considered "Confidential," or "Highly Confidential—Attorney Eyes Only" under this Protective Order.

2. Confidential information means information that qualifies for protection under Federal Rule of Civil Procedure 26(c).

3. Highly Confidential—Attorney Eyes Only information means information the disclosure of which is likely to cause harm to the competitive position of the producing party, including without limitation commercially sensitive technical data or information, information concerning strategic plans, non-public information regarding product operation, and commercial agreements, settlement agreements or settlement communications.

4. For purposes of this Protective Order, any party may designate as Confidential or Highly Confidential—Attorney Eyes Only any materials produced in this action by any party or third party, including any documents (as that term is most broadly construed under Federal Rules of Civil Procedure 26 and 34), electronically stored information ("ESI"), answers to interrogatories, or other discovery requests in this action, any portion of any deposition testimony (including exhibits), or any other written, recorded, or graphic materials (collectively referred to herein as "Discovery Material"). Discovery Material also includes every copy, compilation, abstract, summary, digest, and by-product of any Discovery Material described in this paragraph.

5. No person or entity shall disclose, reveal, publish, or use any Discovery Material designated as Confidential or Highly Confidential—Attorney Eyes Only, or any information derived therefrom (including but not limited to all testimony, deposition or otherwise, that reveals the substance of any such materials), directly or indirectly, for any business, commercial, or competitive purpose, or for any purpose whatsoever, other than solely for the prosecution or defense of this Lawsuit, or any appeal therefrom. Any Discovery Material that the producing party or any third party (the "Producing Party") designates as Confidential or Highly Confidential—Attorney Eyes Only shall be treated as "Protected Discovery Material" and shall

not be disclosed, revealed, published, or otherwise made known to any person or entity without the prior written consent of the Producing Party or by court order, except as set forth herein. Protected Discovery Material does not include information that is publicly known except by a violation of this order, information that the receiving party learned itself, or received from a third party, in a lawful manner that did not involve any breach of an obligation to the producing party.

6. Any Discovery Material that a Producing Party considers to be Confidential or Highly Confidential—Attorney Eyes Only shall be designated as such in writing, or orally at a deposition, hearing, or trial, and shall be segregated from other non-confidential Discovery Material being submitted or produced. Protected Discovery Materials so designated shall be clearly marked on the face of the Discovery Material by placing the label "Confidential" or "Highly Confidential—Attorney Eyes Only." Protected Discovery Material so designated shall be treated as confidential and shall be governed by the provisions of this Protective Order. To the extent ESI is produced in a format that does not permit the branding of the designation on the face of the document (e.g., native Excel files or database exports), the Producing Party shall add the abbreviation "CONF" or "HC – AEO" to the file name of such documents. Copies, extracts, summaries, notes, and other derivatives of documents, information, and data so designated shall be deemed Confidential or Highly Confidential—Attorney Eyes Only and shall be subject to the provisions of this Protective Order. Discovery Material that has already been produced in discovery prior to the date of this Protective Order being entered by the Court may be retroactively designated as Confidential or Highly Confidential—Attorney Eyes Only within fourteen days of the entry date of this Protective Order.

7. The inadvertent disclosure or production of Protected Discovery Material by a Producing Party, regardless of whether the material was so designated at the time of disclosure, will not waive any applicable protections provided by this Protective Order or by law, provided

that the Producing Party designates the material or requests its return within ten (10) days after the Producing Party learns of its inadvertent disclosure. The obligation to treat such material as Protected Discovery Material shall run from the date of designation and the receiving Party must make reasonable efforts to ensure that the Protected Discovery Material is treated in accordance with the provisions of this Protective Order.

8. If a Receiving Party learns that, by inadvertence or otherwise, it has directly or indirectly disclosed Protected Discovery Material to any person or in any circumstance not authorized under paragraphs 11 and 12 of this Protective Order, the Receiving Party must immediately (a) notify Producing Party in writing of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Discovery Material, or confirm its destruction, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the Agreement attached as Exhibit A.

9. The inadvertent production of any material or information protected by any applicable privilege, protection, or immunity in this action shall not be deemed to waive, in whole or in part, any privilege or work product protection in this action or in any other federal or state proceeding, unless the Producing Party failed to take reasonable steps to prevent disclosure or, upon discovery of the inadvertent disclosure, fails to promptly take reasonable steps to rectify the error, consistent with Federal Rule of Civil Procedure 26(b)(5)(B) and this Protective Order. The provisions of this paragraph explicitly are intended to be, and are, an Order of the Court issued pursuant to Federal Rule of Evidence 502(d). Upon the written request of the Producing Party, the Receiving Party shall promptly return or destroy (i) all copies of the inadvertently produced materials identified by the Producing Party and (ii) any documents derived from those materials. If the Receiving Party intends to challenge the claim of privilege, protection, or

immunity, it must notify the Producing Party in writing within seven (7) days after receiving the written request. If the Parties are unable to resolve the disputed claim, the Receiving Party shall seek relief from the Court under the dispute procedures in paragraph 27 below. Until the dispute is resolved, the Receiving Party may retain the materials but may use them only for the purpose of litigating the claim. For purposes of this Paragraph, an inadvertent disclosure includes both the inadvertent production of material known to be protected and the intentional production of material inadvertently believed to be non-protected at the time of production.

10. Each receiving party, and each person to which a receiving party discloses Protected Discovery Material, shall hold Protected Discovery Material in confidence, shall use it only for purposes of this action, shall not use it for any other purpose including without limitation any business purpose or any other legal proceeding, and shall not disclose it to any person not entitled to receive it. As part of this obligation, no receiving party shall provide any Protected Discovery Material to any artificial intelligence, machine learning, language model, or similar technology or service unless that technology or service is subject to a binding written agreement that requires the provider to keep user-supplied data confidential and prohibits the provider from using user-supplied data for any training or any other purpose beyond providing the contracted services. Each receiving party, and each person to which a receiving party discloses Protected Discovery Material, shall carefully maintain Protected Discovery Material to ensure compliance with all provisions of this order.

11. A receiving party shall provide "Confidential" Discovery Material from a producing party only to:

a. The Court, including its support personnel, subject to the requirements contained in paragraph 14 below regarding the filing of Protective Discovery Material with the Court;

b. Outside litigation counsel of record for any Party in this action, including paralegals, clerical assistants, interns, and other employees who have a need to become familiar with the contents of such documents in the prosecution or defense of this action;

c. The Parties in this action, including employees who have a need to become familiar with the contents of such documents in the prosecution or defense of this action, who themselves shall agree to be bound by the terms of this Protective Order;

d. Expert witnesses or consultants and their support personnel, once qualified, disclosed and approved as set forth below in paragraphs 19-23;

e. Independent legal translators retained to translate in connection with this action; independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action; graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the actions; independent litigation and discovery support personnel retained in connection with this action; and non-technical jury or trial consulting services.

12. Except with the prior written consent of the Producing Party or by court order, any Protected Discovery Material that is designated Confidential or Highly Confidential—Attorney Eyes Only by the Producing Party shall be maintained under strict confidence by counsel for the Receiving Party. Counsel for the Receiving Party shall not reveal, disclose, provide, publish, show in deposition, or otherwise make known the contents of any Protected Discovery Material that is designated Highly Confidential – Attorney Eyes Only to any person or entity, except for those described above in paragraph 11(a), 11(b), 11(d), and 11(e).

13. A Party or Producing Party wishing to designate a deposition transcript, or any portion thereof, as Confidential or Highly Confidential—Attorney Eyes Only under this Protective Order may do so immediately or up to fourteen days from the Producing Party's

receipt of the deposition transcript. The Producing Party shall designate such Protected Discovery Material either on the record or by serving upon all counsel of record a "notice" setting forth the pages, line numbers, and designations. The Producing Party must serve such Notice within fourteen calendar days after its counsel receives a copy of the deposition transcript from the court reporter (receipt of rough copies of transcripts shall not trigger this fourteen-day time period). All deposition transcripts will be treated as "Protected Discovery Material" until the expiration of the fourteen-day period described in this paragraph. Any portions of a transcript designated as Confidential or Highly Confidential—Attorney Eyes Only shall thereafter be treated as Protected Discovery Material in accordance with this Protective Order. The Parties shall negotiate in good faith to alter the time frames set forth in this paragraph in situations where a more expedited filing of a designated portion of the deposition transcript is required.

14. This Protective Order does not prohibit a Party from using or disclosing its own Discovery Materials which it has designated as Protected Discovery Material.

15. Third parties who are the subject of discovery requests, subpoenas, or depositions in this Lawsuit may take advantage of the provisions of this Protective Order by providing the Parties with written notice that they intend to comply with and be bound by the terms of this Protective Order.

**Filing of Any Protected Discovery Materials**

16. In the event counsel for any Party or third party determines that it is necessary to file with the Court any Protected Discovery Material, including but not limited to any papers, pleadings, motions, or briefs containing or making reference to the contents of Protected Discovery Material, such Party must provisionally file such papers under seal according to the Court's procedures in accordance with the Federal Rules of Civil Procedure and Local Civil

Rule 5. It shall be the burden of the party that has designated a document or material as confidential to demonstrate that such Protected Discovery Material should remain under seal or should remain redacted. Prior to the filing of such Protected Discovery Material with the Court, the Parties shall work together in good faith, including engaging in a meet and confer process, to coordinate the filing of all pleadings, motions, briefs, and exhibits containing Protected Discovery Material to permit compliance with the Local Rules and this Protective Order.

17. Within one week of submitting its trial exhibit list, a Receiving Party shall notify all producing parties that are not parties to this action of any Protected Discovery Material in its exhibits. At the same time as any disclosures required for a witness, the Receiving Party shall notify any producing parties that are not parties to this action of any Protected Discovery Material it plans to present through a witness. A party will not oppose any reasonable request by a producing party that is not a party to this action to seal the courtroom, if allowed by the Court, during the presentation of any testimony, evidence, or argument involving Protected Discovery Material.

18. Before commencement of the trial or any hearing on dispositive motions, the parties shall discuss how documents designated as Protected Discovery Material shall be used and apprise the Court of any issues in that regard. Protected Discovery Material that is not admitted into evidence shall continue to retain the confidentiality protections set out in this Protective Order.

**Qualification of Expert Witnesses and Consultants**

19. A receiving party may provide Protected Discovery Material to expert witnesses or consultants qualified and approved according to this section. A receiving party may not provide Protected Discovery Material to an expert that is a current officer, director, or employee of a party or of a competitor of a party, or anticipated at the time of retention to become an

officer, director or employee of a party or of a competitor of a party. A receiving party may not provide Protected Discovery Material to an expert involved in competitive decision-making as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a party or a competitor of a party. Before providing any Protected Discovery Material to an expert witness or consultant, a receiving party shall provide the information in paragraph 20 and complete the process in paragraphs 21-22.

20. The party seeking to disclose a producing party's Protected Discovery Material to an expert witness or consultant must provide the following information to the producing party: name, address, curriculum vitae, current employer; each person or entity from whom the expert witness or consultant has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years; the name and number of the case, filing date, and location of any litigation in connection with which the expert witness or consultant has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years; all categories of information the proposed expert witness or consultant will receive; and the Agreement attached as Exhibit A, executed by the proposed expert witness or consultant.

21. Once the producing party has received the information required in paragraph 19, the producing party shall have fourteen days to provide written objections to the expert witness or consultant, stating with as much particularity as possible the grounds for any objection. If there is no objection during that time, the expert witness or consultant may receive Protected Discovery Material.

22. If there is an objection during that time, the producing and receiving parties shall meet and confer within seven days of an objection. If they cannot reach an agreement, within

seven days from the meet-and-confer discussion, the receiving party may seek relief from the Court.

23. All communications between counsel for a party and that party's testifying expert, and all materials generated by a testifying expert and support personnel with respect to the expert's work, are exempt from discovery unless they relate to the expert's compensation or identify facts, data or assumptions the expert relied on in forming any opinions in this action, and those facts, data or assumptions are not included in other documents produced in this action.

**Restrictions on Patent Prosecution and Acquisition**

24. Any individual who receives access to Protected Discovery Material designated Highly Confidential – Attorney Eyes Only shall not be involved in the prosecution of patents or patent applications relating to the subject matter of this action or any Protected Discovery Material produced in this action, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to them, before any foreign or domestic agency, including without limitation the United States Patent and Trademark Office. "Prosecution" includes any activity related to the preparation or prosecution of patent applications, including without limitation reexamination and reissue applications or directly or indirectly participating, drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims, and includes without limitation original prosecution, reissue, inter partes review, post-grant review, covered business method review and ex parte reexamination proceedings. "Prosecution" does not include representing a party challenging a patent before a domestic or foreign agency, including without limitation a reissue protest, ex parte reexamination, inter partes review, post-grant review or covered business method review.

25. Any individual who receives access to Protected Discovery Material designated Highly Confidential – Attorney Eyes Only shall not be involved in activity related to the

acquisition of patents or patent applications relating to the subject matter of this action or any Protected Discovery Material produced in this action, or advising or counseling clients regarding the same.

26. The prohibitions in paragraphs 24 and 25 shall apply for one year following the final termination of this action.

**Remedies and Review Procedures**

27. In the event that any Receiving Party objects to any designation of Protected Discovery Material made under this Protective Order, that Receiving Party shall so notify the Producing Party in writing and state the basis for such objection. The Parties are expected to resolve discovery disputes without filing motions or involving the Court. If, after good faith effort, the Parties are unable to resolve a dispute and need the Court to intervene, the Parties must file a joint motion not exceeding twenty pages in length setting forth (1) the posture of the case, (2) the nature of the discovery dispute, (3) the efforts made by the Parties to resolve the dispute, (4) the position of each Party regarding the dispute, (5) whether a hearing is necessary to address the issue, and (6) a certification under Local Rule 37(E) signed by counsel for each Party that they have met and conferred in good faith to resolve the dispute before involving the Court. If, however, the Parties believe that a joint pleading is not feasible, the Parties may file separate pleadings under the following terms: the motion to compel (or motion for protective order) with memorandum incorporated therein and any response with memorandum incorporated therein may not exceed seven pages in length and any reply may not exceed three pages. The motion to compel (or motion for protective order) must contain a description of the efforts made by the Parties to resolve the dispute and an explanation as to why the Parties were unable to file a joint motion. Moreover, unless resolution of the dispute under the deadlines set forth in Local Rule 7(F)(1) can occur before the deadline for the completion of discovery, any non-joint motions

must be filed pursuant to an agreed briefing schedule that provides sufficient time for the Court to rule on the motion before the deadline for the completion of discovery. Counsel are reminded that discovery disputes requiring judicial intervention are strongly disfavored and that the Court will consider imposing sanctions pursuant to Fed. R. Civ. P. 37 and Local Rule 37 against any Party not acting in good faith to resolve a dispute before involving the Court.

28. This Protective Order does not prohibit or prevent any Party from seeking to seal trial transcripts or trial exhibits, including documents previously filed under seal, or from seeking any other similar relief pursuant to Local Civil Rule 5(H).

**Return or Destruction of Protected Discovery Materials**

29. Unless modified or superseded by order of this Court, this Protective Order shall remain in effect through the trial and all appeals, if any, of this litigation. Exclusive of materials filed with the Court, within thirty days of any final order not subject to further appeal, whether entered upon a verdict, settlement, voluntary dismissal, or otherwise, all Discovery Material designated as Protected Discovery Material, including all copies thereof, in the possession, custody, or control of a Party or any person or entity identified in paragraph 11 and its subparagraphs, shall be returned to the Producing Party or, in the alternative, destroyed and certified to the Producing Party to have been destroyed. These activities shall be undertaken by the Party or person who then has possession of the Protected Discovery Material, without the assistance of the Producing Party provided, however, that counsel for the Parties may retain one complete set of all documents filed with the Court. Counsel shall verify in writing that the requirements of this paragraph have been fulfilled. Nothing in this paragraph shall apply to any document that is in the files of the Court, electronically or otherwise.

**Miscellaneous Provisions**

30. By entering this order and limiting disclosure of information from this case, the Court does not preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated under this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

31. Nothing in this Protective Order abridges the right of any person or entity to seek its modification by the Court in the future, and any Party may seek to modify this Protective Order for good cause shown.

32. A producing party may waive one or more of the protections in this order in writing, thus allowing a receiving party to take actions that would otherwise violate this order. Waiver of a protection in one instance does not imply waiver in any other instance; all waivers must be explicit and in writing.

33. This Protective Order shall remain binding after the conclusion of this case unless otherwise ordered by the Court, and the Court shall retain jurisdiction over the Parties and other persons bound hereby for the purposes of enforcing this Protective Order.

SO ENTERED this ______ day of ___________________, 2026.

___________________________________
The Honorable David J. Novak
United States District Judge

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| BRIGHTPICK INC.,<br><br>Plaintiff,<br><br>v.<br><br>OCADO INNOVATION LTD. AND OCADO SOLUTIONS LTD.,<br><br>Defendants. | Case No. 3:26-cv-305 (DJN) |

**DECLARATION OF ______________________________**
**UNDER AGREED PROTECTIVE ORDER**

I, ______________________________________ being duly sworn, declare as follows:

1. My address is ______________________________________.

2. My present employer is ______________________________________.

3. My present occupation of job description is ______________________________.

4. I hereby acknowledge that (i) I have been given a copy of the Agreed Protective Order ("Protective Order") in the above-referenced case; (ii) I carefully read the Protective Order; and (iii) I understand and am familiar with the terms of the Protective Order.

5. I will comply with all the provisions of the Protective Order. I will hold all Protected Discovery Materials disclosed to me, including the substance and any copy, summary abstract, excerpt, index, or description, in confidence, and will not disclose such material to anyone not qualified under the Protective Order. I will not use any Protected Discovery Material disclosed to me for any purposes other than this case.

6. Upon conclusion of this matter and all appeals, if any, of this litigation, I will return all Protected Discovery Material that comes into my possession and all documents and things that I have prepared relating thereto, to counsel for the party by whom I am retained or

employed, or from whom I have received such material, or in the alternative will verify in writing that such materials have been destroyed.

7. I hereby submit to the jurisdiction of the United States District Court for the Eastern District of Virginia for the purpose of enforcement of the Protective Order in this case.

____________________________________
Signature